**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JIMMIE L. JONES**                                                                            **PLAINTIFF**

**V.**                                                                     **NO. 4:23-CV-109-DMB-RP**

**MISS. STATE PAROLE BOARD, et al.**                                              **DEFENDANTS**

**OPINION AND ORDER**

Jimmie L. Jones sued the Mississippi State Parole Board and its individual members challenging the conditions of his confinement under 42 U.S.C. § 1983. Because Jones' claim is not cognizable under § 1983, this case will be dismissed with prejudice.

**I
Background and Procedural History**

On June 28, 2023, Jimmie L. Jones filed an amended pro se complaint in the United States District Court for the Northern District of Mississippi against the Mississippi State Parole Board; chairman of the board Jeffery B. Belk; board members Jim Cooper, Nehemiah Flowers, Betty Lou Jones, Anthony Smith, Shannon Warmack, Bobbie Thomas, Clarence Brown, and Steven Pickett; secretary Kay Washington; and MDOC commissioner Burl Cain, asserting claims under 42 U.S.C. § 1983.[1] Doc. #5. In his complaint, Jones alleges that the Parole Board should have granted him parole at some point during his 50-plus years of incarceration;[2] he was initially granted parole in 1981 but before he was released, the Parole Board Chairman said that "he had made a mistake calling [him] up for parole;" when he nonetheless went before the Parole Board that year, the

---

[1] Jones filed his initial complaint on June 6, 2023. Doc. #1. Jones filed his amended complaint pursuant to United States Magistrate Judge Roy Percy's order requiring him to use a standardized form. Doc. #4.

[2] Jones pled guilty in 1971 to four counts of forcible rape. *See Jones v. State*, 814 So. 2d 816, 816 (Miss. Ct. App. 2002).

Chairman told him, using racial epithets, that he had "[no] business out walking the streets;" the Board then denied his request for parole and ever since, the Board has set him off for years at a time whenever he comes up for consideration for release on parole. *Id.* at PageID 94–96. According to Jones' complaint, inmates of other races who committed similar crimes have been granted parole, and the Parole Board has denied his requests for parole over the years because of his race (African American). *Id.*

On May 6, 2024, Judge Percy ordered Jones to show cause within twenty-one days why this case should not be dismissed for failure to state a claim. Doc. #22. Jones responded to the show cause order on May 21, 2024. Doc. #23.

## II
## Analysis

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (quoting *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). But "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle is a § 1983 suit." *Id.* (cleaned up) (quoting *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997)).

In the "Relief" section of his amended complaint, Jones "pray[s] that the Court will see there is racial discrimination" and "ask[s] the Court [to] ask the Parole board to show cause for all of these set offs, if not, let [him] go on Parole." Doc. #5 at PageID 96. Because Jones challenges the fact that he has not been paroled while prisoners of other races have, and the relief he seeks is to be released on parole, the proper vehicle to bring his claim is a petition for a writ of habeas corpus. *See Franklin v. Johnson*, 252 F.3d 436, at *2 (5th Cir. 2001) ("[T]o the extent that [the

2

plaintiff] is complaining about the results of specific hearings and seeks relief other than damages, his contention should be pursued first in habeas proceedings.") (citing *Cook v. Tex. Dep't of Crim. Just. Transitional Plan. Dep't*, 37 F.3d 166 (5th Cir. 1994)).

Prisoners are required to exhaust available state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). Jones represents in his amended complaint that he has not filed other lawsuits in state or federal court dealing with the same facts involved in this case, specifying that he has not filed another "Civil Racial discrimination suit."[3] Doc. #5 at PageID 100. Given these representations, Jones has not exhausted state court remedies and the Court will not construe his § 1983 claim as a habeas petition. *See Walker v. Miss. Parole Bd.*, 333 F. App'x 843, 844 (5th Cir. 2009) ("The district court properly declined to construe Walker's complaint as a habeas petition because Walker failed to exhaust his state remedies.").

### III
### Conclusion

For the reasons above, this case is **DISMISSED with prejudice**.

**SO ORDERED**, this 30th day of April, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Jones represents that he filed a lawsuit in the Eastern District of Louisiana, and that he thinks that case was dismissed in 2011 "because there was not a follow up on the case." Doc. #5 at PageID 100. The Court's search yielded no such case.